May I please the Court, Your Honors. My name is Kieran Weiberg from the State Appellate took Danny Kuehner's pro se post-conviction petition and ruled that it was not frivolous and patently without merit. Danny gained a right under the Post-Conviction Hearing Act to the representation of counsel. At that point, under this Court's jurisprudence in Rule 651C, counsel was obligated to consult with Danny to ascertain his claims, to review the record and the petition, to perform certain basic investigations where they're called for, and perhaps most importantly, to amend the petition in order to properly present his claims. Unfortunately, instead, what happened is that counsel filed a motion to withdraw from this case without even explaining or offering any explanation, much less a full explanation as to why the most significant claims in this petition were so frivolous that they could not even be argued, that counsel was ethically obligated to withdraw rather than to present this issue to the Court. When the Appellate Court then affirmed the Circuit Court's ruling which allowed for this motion and simultaneously dismissed Danny's petition, it not only failed to correct the Circuit Court's error, but it created a split in the Second District Appellate Court's decision in People v. Combs regarding what we should be expecting of attorneys who are seeking to withdraw from a post-conviction representation. Now because the Combs decision, as we discussed in our briefs, is the better reasoning decision, is faithful to the reasoning in Greer, is faithful to the Post-Conviction Hearing Act, and is generally faithful to this Court's post-conviction jurisprudence, we would argue that this Court should adopt the Combs holding. However, even should this Court choose not to adopt the rule established in Combs, under any rational reading of the requirements of People v. Greer, the claims at issue in this case were sufficient. Danny's counsel should not have been allowed to withdraw because he had at least two arguable claims, two claims that were not so frivolous that counsel was ethically bound to withdraw rather than present them to the Court. In the post-conviction setting, isn't the defendant entitled only to reasonable assistance of counsel? Yes, Your Honor, and this Court has- Was that provided here? No, not at all, Your Honor, and that's precisely what's at issue here. Reasonable assistance of counsel as this Court has defined it, both through 651C and through its other jurisprudence. Among other things, reasonable assistance of counsel requires consultation to ascertain the claims, which we have contended did not occur here, particularly based on the fact that neither the judge, counsel, no one ever even addressed the most significant claims in this petition. And furthermore, reasonable assistance of counsel does go beyond simply the rule 651C duties this Court has talked about other areas in which, you know, the need to amend a petition in order to avoid forfeiture, for example. And generally speaking, what 651C requires is that amendment to properly present the claims to the Court. And it bears recollection that, yes, the reasonable assistance is what is called for by the Act. The Act itself does not provide a mechanism for withdrawal. The Act itself never offers an out for attorneys. However, this Court in People v. Greer recognized that because of the 90-day default provision, the 90-day provision which says that, in essence, regardless of the merits of the claims, after 90 days, your petition advances to the second stage and you get an attorney, this Court recognized that that could put a post-conviction attorney in a very difficult position. Because there is that limited set of situations where a post-conviction attorney is faced with a petitioner who got appointed counsel just because of the 90-day lapse, but who in point of fact has only frivolous claims. And counsel is obligated ethically not to present frivolous claims to the Court. And based on that reasoning, this Court provided a, shall we say, an escape hatch for post-conviction attorneys who have been appointed. If you are faced with a petition that has only frivolous claims and you have fulfilled all of your 651C duties, then at that point you are allowed to withdraw from the representation because you would be ethically unable to continue. Under your theory and the rule you would like us to adopt in giving direction to appointed counsel in these circumstances, is it necessary that the attorney address each and every claim specifically that the defendant has attempted to raise in his petition? Or would it be patently without merit? I would say, Your Honor, there are sort of two responses to that, and it depends on where we're looking at this from. In terms of what we have argued for is that for an attorney, the practice they should follow and the practice the Circuit Court should be looking for is an explanation of why all of the claims are frivolous. Many times that can be done in a sentence. We've all seen some of these post-conviction petitions that have numerous claims that are simply on their face, legally impossible, or are plainly rebutted by the record. You can deal with four or five of those claims in a single sentence. It's relatively simple. We do believe the counsel should offer some explanation as to each one of the claims. However, what people v. Greer does offer and what the Combs decision agreed with, and we would certainly agree with, is that of course as a reviewing court receives a case where the motion of withdrawal is granted, and the motion was not adequate. The motion did not really address all of the issues. But if it's plain from the face of the record and it's plain from the petition itself that all of these claims were in fact frivolous and patently without merit, then in essence any error there by counsel in not addressing them is based on a finding that by a review of the record we can determine that in point of fact all of these claims really were frivolous. So in essence there would be no purpose in remanding the circuit court. In this case it's different than Greer because the court actually did find that it was not frivolous. Yes, Your Honor. And that's one of the first big distinctions we have here is the fact that unlike Greer, we didn't have a 90-day violation. Counsel was appointed because the circuit court looked at this petition and said this is not frivolous and patently without merit. And the second big distinction we have from Greer here and what's really the heart of this case is the fact that this petition actually does contain claims which are at a bare minimum arguable. And what we're talking about of course are the claims regarding a misstatement of evidence by Danny's guilty plea attorney, the attorney who represented him during this guilty plea. Now that attorney told his family, told him and told his family to convey to him that blood had been found on an article of clothing, blood that probably belonged to the victim. This is a significant piece of evidence. So just stopping there for a minute, counsel. So basically there were two groups of claims for lack of a better way of putting it. You're right, the attorney, Mayo, was that his name? Mayo was the post-conviction attorney. John Sharp was the post-conviction attorney. So the attorney had under the post-conviction petition, do you investigate and then these lies that were made to the defendant and family to get them to plead, right? And those lies were never, the frivolous and without merit, that was never addressed, right? In the initial motion to withdraw a plea? Right. No, your honor, because at the time of the initial motion to withdraw a plea, the evidence which demonstrated that those were false had not come out. That evidence came out of the testimony of a detective at the sentencing. No, I'm talking about the attorney saying, the attorney getting out of the case. I'm not talking about what happened below. I'm talking about the attorney. Oh, her motion to withdraw. Right. Yeah, no, she did not reference these at all. So my question then is, would it have been sufficient, again getting back to Chief Justice Garmon's question, would it have been sufficient in this particular instance if the attorney had addressed that second subset of claims, namely the lies to the family? Well, I mean, at that point the question is, how were they addressed? As the record currently stands, from everything we can see of the record, the evidence that was presented, everything else, the petition, these claims appear to have, at the least, arguable merit. Now, what we don't know, because counsel didn't address these things at all, there may be information from outside of the record that would alter the validity of the claim, obviously. You might learn that, in point of fact, the testimony that revealed that there really was no blood, perhaps you could learn that that was mistaken and, in point of fact, there was. Or perhaps the affiance, when you interviewed the affiance, they might recant their affidavits. But none of that has happened. And counsel hasn't said anything about any of that. All we have is the record. If counsel had addressed this claim and said, here is why I find this claim meritless, then, at the least, the circuit court and then a reviewing court would have all the information it needs to look that over. Should we remand it for that to be done? Well, Your Honor, I would say we should remand it for further second stage proceedings. And as a part of those second stage proceedings, if appointed counsel, whomever appointed counsel were this time around, and we are requesting appointment of new counsel, but appointed counsel or whatever counsel ended up representing him, were they to determine, through some investigation of facts beyond the record, because, again, as the record shows, these claims appear to be meritorious, were further investigation to reveal information that actually did render these claims frivolous, then you could have, in essence, a new motion to withdraw, which would actually explain, this is why I'm withdrawing. This is why these claims are frivolous. And that would give both the circuit court and reviewing courts the information they need to then sit there and review that motion to withdraw and determine should it or should it not be granted. In this case, that simply hasn't happened. All we have is the record. That's because counsel didn't address this. And on the record, these claims have merit. On the record, we have clear allegations in the petition, in the affidavits. My attorney told me lies in order to coerce a guilty plea. My attorney's misconduct prevented me from pleading not guilty. We have statements in the affidavits. I believe it was Pam Meyer's affidavit, which states, John Sharp told me that there was blood on his clothing that belonged to the victim or probably belonged to the victim. He told us he was going to go to jail for the rest of his life. That was it. And Julie Meyer is very exquisite, states, Danny did not plead guilty because he was guilty. He pled guilty because I gave him false information that his attorney told me to give him. Those claims are not rebutted by the record. Those claims are not frivolous. Those claims, if proven, it is at least arguable that Danny could be entitled to rescission of his guilty plea at this point if it was proven that, in point of fact, that plea was based on a complete misstatement of the evidence and significant evidence of that. We're not talking about a sort of a minor point. We're talking about forensic, physical evidence that would have the potential, certainly the state would argue if this were to go to trial, that this evidence put Danny in that room as the victim in this case was being assaulted. The state would certainly argue that could even imply that he participated in that assault. That not only increases his chances of conviction substantially, but when you're asking yourself, do I think I'm going to be convicted? What do I think I'm going to be sentenced to if I am? And what that blood evidence says, when you've got an attorney standing there telling you you're going to go to prison for the rest of your life, if you think somebody's going to be able to put up evidence that makes it look like you were there, that makes it look like you were somehow a participant in this attack, you are going to be imagining a much higher sentence than, as the evidence actually showed and as the circuit court found when it sentenced, no credible evidence that Danny was actually present for that. No credible evidence that he was involved in the actual attack. He was outside. He made, admittedly, a very poor decision to involve himself with this person, Bruce Lloyd, but he himself was not involved in this attack and was not present for it. And that certainly, when you're thinking about your chances of sentencing, makes a big difference in the calculus you're applying when deciding whether or not to plead guilty. And I should note that all of the affidavits, the petition, everything indicates that pleading guilty was not something Danny wanted to do. He was strongly opposed to it. He felt that he was being overcharged for the conduct that he engaged in. He argued against it again and again, but his lawyer and his family, acting at his discretion, that this was what he had to do. And a part of that continual process of convincing him was this misstatement about blood on the shirt. Powerful piece of forensic evidence. And your honors, again, when we're talking about whether or not this would have affected Danny's guilty plea, because that's ultimately the issue here, the state and the appellate court make some arguments about trying to show how ultimately this evidence wasn't really all that significant, or maybe this really shouldn't have been. Basically, the argument that he could have been convicted anyway. But that's not the standard we're looking at here. We're not facing a reasonable doubt argument. The question is, is there a reasonable probability that Danny might not have chosen to plead guilty had he known about this? Had he known the accurate information? And it is at least arguable that he has shown that. We have his statements. We have the statements from the Afyans. We have the existence of a plausible defense to the most serious charge against him, the attempt murder charge. And as we argued in our briefs, that plausible defense consists of the simple argument that even if he is accountable for what Bruce Lloyd did, what Bruce Lloyd did was not an attempt murder. It was an aggravated battery. We know that defense is at least plausible because it's already worked once. Codefendant Chris Howell went to trial on these charges. He was the only three. He was a juvenile, so he had a juvenile proceeding. But again, the standard is still a reasonable doubt. And Chris Howell was acquitted of attempt murder, but convicted of the underlying aggravated battery. There's literally only one way that can happen, and that's if the court determines or the fact accountable for Bruce Lloyd's actions, but that what Bruce Lloyd did was not an attempt murder. It was an aggravated battery. That particular line of argument applies just as strongly to Danny. And so I really, I would like to point out, Danny was a 17-year-old boy when he entered this guilty plea. Some of these very nuanced legal arguments we've heard about, oh, well, technically blood might only be relevant to show one thing and this and that, first of all, we disagree that those are entirely accurate. But perhaps most importantly, if you walk up to any layman on the street and tell them, we've got the victim's blood on somebody's shirt, that sounds damning. That sounds like the end. To a 17-year-old boy who never even finished ninth grade and has mental health problems, that's game over. That, to him, says, I have no chance. There's no way out of this. I just have to plead. So if there are no further questions, Your Honors, we'll reserve some time for rebuttal. Thank you. Good morning. May it please the court, counsel. I am Assistant Attorney General Samina Mohammed on behalf of the people of the state of Illinois. Your Honors, a post-conviction petitioner has only a statutory right to the reasonable assistance of counsel, and the scope of this right is limited by Supreme Court Rule 651C as well as by counsel's ethical obligations not to advance frivolous arguments. In this case, post-conviction counsel was properly permitted to withdraw where she fully complied with Rule 651 and where petitioner's claims were frivolous and patently without merit. There was no 651 certificate, was there? There was no 651 certificate, Your Honors, so we need to look at the record to determine compliance with Rule 651. And the record reflects that counsel fully complied with the rule's consultation requirement. Specifically, there were three petitions submitted to the trial court that reflected that counsel spent no less than six hours communicating not only with petitioner, but with petitioner's plea counsel, John Sharp. And petitioner himself detailed the contents of those communications. He specifically stated that he informed counsel of his ineffective assistance allegations against Sharp, and for example, stating that Sharp forced him to plead guilty and that Sharp did not investigate his mental health issues. In addition, contrary to petitioner's suggestion in his brief that those claims fell on deaf ears, there is evidence that counsel did in fact consider them. In her motion to withdraw, for example, she addresses a disparate sentencing claim. And that claim appears nowhere on the face of the petition, and instead, counsel states in her motion to withdraw that she learned of this claim through petitioner, and that petitioner specifically asked her to look into it. It follows then that she was willing to consider the claims that petitioner presented to her, notwithstanding the fact that some of them did not make their way into her motion to withdraw. So the consultation requirement is fully complied with. Ms. Mohamed, in Greer, the defendant's petition advanced to stage two by default, right? The 90 days. That's right. Right. But here we're at stage two specifically because the trial court looked at the petition during stage one and concluded that it was not frivolous and patently without merit. Is that likewise true? That's correct. Okay. So whatever we said in Greer, don't you think that under these circumstances, when counsel is trying to withdraw after a judicial determination has been made that the petition is not frivolously and patently without merit, that counsel might be held to or should be held to a higher burden? And let me tell you what I think that burden might be, right? Maybe addressing the merits of each and every claim? I mean, there's no dispute, is there, that counsel did not address the claim as to the lying to the defendant and the relatives? There's no dispute that she didn't address that claim, but we would dispute that that claim was properly raised in the post-conviction petition for counsel or brought to But as you look at this, isn't this kind of akin to a motion to reconsider? It's as much a motion to reconsider the trial judge's ruling as it is a motion to withdraw, isn't it? It is. So whatever was in that petition, something was gleaned by the trial judge where he, unlike Greer, makes a ruling on the merits that it is not patently without merit. And it sounds like what counsel's asking for, what would have been proper and may, I think, indicated would be proper upon remand is to at least address what was raised in the petition and already substantively ruled on by the trial judge and indicate with specificity why now it is patently without merit. Well, not necessarily, Your Honor, because we don't know exactly which claim in the petition the trial judge found to be non-frivolous and arguably meritorious. If even just one claim in the petition the trial court found to be meritorious, then the court would have had to advance the entire petition. And the attorney who files this motion to withdraw doesn't know that either. She does not know, Your Honor. And then why wouldn't she have the burden to address all of them, not knowing what the judge relied upon in finding that it wasn't frivolous? Perhaps that would be best practice for the attorney to address all those claims. But the fact remains that the attorney here did not address every claim. For example, she didn't address the ineffective assistance of appellate counsel claim, which is apparent from the base of the petition. So, in effect, counsel may have taken a chance that the claim, the primary, by addressing only the primary claims in the petition, that those were the claims that the court may have found troubling. And then, so she focused on those claims and explained why she believed them to be, in fact, frivolous and not meritorious. And if the court was, in fact, troubled by those claims or believed that the claims that she did address, for example, regarding petitioners' mental health issues and the failure to request a fitness hearing, if the court advanced, specifically in advancing the petition, was troubled by those claims, then the fact that counsel addressed those claims and her motion to withdraw clearly convinced the court to change its mind. It serves little purpose to force the court then to remand for additional briefing for claims that the court never believed to be meritorious or arguably meritorious. So, in a way, it sort of wastes judicial resources to force the court to undertake that additional briefing where the court had already made a determination. In the first instance, that the claims that counsel did not address in her motion to withdraw were non-frivolous on their case. I suspect there could be situations where the trial judge at the second stage was different than the judge at the first stage. Exactly, Your Honor. So there are a lot of different reasons why that motion to withdraw could have been granted, notwithstanding the fact that counsel did not address every single claim in the post-conviction petition. At bottom, I think it should be the trial court's determination as to whether or not the motion to withdraw persuades him or her to reverse its original ruling that the claims were non-frivolous and potentially meritorious. Petitioner's reading requiring counsel to brief every single claim in her motion  is somewhat formalistic to argue that counsel must address all, even facially frivolous claims, even in a single sentence, instead of just perhaps focusing instead on her briefing on claims that are potentially meritorious or claims that petitioner argued for more forcefully in his post-conviction petition. In addition, it has the effect, or petitioner's reading has the effect of treating counsel who is seeking to withdraw differently than counsel who is continuing representation. As this court has held, where counsel who continues representation advances some, but not all, of a pro se post-conviction petitioner's claims, there is an inference that counsel reviewed those claims and found that they did not deserve advancement, presumably because they were frivolous and patently without merit. We do not require counsel who is continuing representation to explain why he or she is not advancing those claims, and there is no reason to require counsel who is seeking to withdraw, or to hold counsel who is seeking to withdraw to a higher standard and not entitle them to the benefit of that presumption. The underlying concern remains the same. We do not want non-frivolous and potentially meritorious claims to be overlooked, and it's just as likely that counsel who is continuing representation could overlook such claims as it is that counsel who is withdrawing could do the same. And on the contrary, or in contrast, Greer is holding, suggesting the form that a motion to withdraw must take and suggesting that counsel should make some attempt to explain why the claims are meritless is in keeping with ordinary motion practice. Counsel always has an incentive to provide as much detail as possible, particularly where, as in this case, the court affirmatively advanced the petition to the second stage after a finding that it was not frivolous and potentially meritorious. And it should be left up to counsel to determine whether or what to include in that petition, and if the trial court did find the motion insufficient, then the court could, of course, either dismiss it without prejudice or ask counsel in brief issues that she may not have briefed, but it serves little purpose to require the court to do so when it may not be necessary. But even assuming that this court finds counsel's motion somehow deficient in terms of its form, this court may nevertheless affirm the granting of the motion to withdraw because, as I stated, counsel fully complied with Rule 651C, specifically the consultation requirement, and because the claims in the petition are frivolous and patently without merit. The two claims that Petitioner urges on appeal relate to the bloody T-shirt evidence, and neither of those claims are apparent on the face of the post-conviction petition. The post-conviction petition contains two headings, one relating to ineffective assistance of plea counsel and the other relating to ineffective assistance of appellate counsel. Now, under the ineffective assistance of plea counsel claim, Petitioner does allege that John Sharp told him his mother and his aunt lies in order to force a guilty plea, but nowhere in the petition is it contended that one of those lies related to some evidence that the state may have had against him. Instead, the lie that Petitioner alleges related to the sentencing, specifically he claims that Sharp told him he could expect to receive no more than 20 years if he did, in fact, plead guilty. While Pam's affidavit, Pam Meyer's affidavit did state that Sharp told her that the state was in possession of a bloody T-shirt and that the blood was probably the victim's, there's no indication in the petition that this was anything other than an incorrect hypothesis by counsel, and there's no indication that, and Pam states in her affidavit that they later learned that the blood was not, in fact, the victim's. Now, there's no indication of when they learned that, and there's nothing that suggests that they only learned it after Petitioner pled guilty. Now, without these allegations, the claim that Petitioner raped, without these allegations, basically what Petitioner is asking goes beyond liberal construction of the petition, which of course he is entitled to, and crosses into the realm of speculation. I'm trying to understand your argument. Let's say that was the only claim, the lies were the only claim raised in the trial, the trial judge found that based on that petition it wasn't frivolous and apparently without merit, only claim made, and it gets to the second stage. All right? So now there's an affirmative finding by the trial judge that it is meritorious, at least enough to get to the second stage. Would it have been sufficient for counsel, because part of your argument is, well, we don't know what the trial court relied upon in this petition. In my example, this is the only claim made in the petition. Would it have been sufficient for counsel to move to withdraw by only saying it was frivolous and patently without merit, or would counsel have had to, in light of the fact of the trial judge's finding, do exactly what you're doing before us today in giving the rationale as to why it's frivolous and patently without merit? Well, that would be up to the trial judge to determine. So if the counsel did, in fact, just give a single sentence saying the claim was frivolous and patently without merit, I would not expect many trial judges to overturn their original ruling if it was based on that claim and a finding that the claim did have arguable merit. It would be unlikely, I would imagine, for the trial court to grant such a motion. And so in that case, the motion probably would have been denied, and then we would not be here today. Because, in effect, as you pointed out, this would have been a motion to reconsider, especially considering that there was only one. So going back to best practice again, let's extend this example to the trial judge that handled it at the first stage is unfortunately passed away, and now we have a new judge in that place. Now what happens? All the judge has, you know, is a finding by a prior judge that the petition goes to the second stage, and now the attorney comes in and says, Judge, you found it not frivolous and patently without merit, but I'm telling you it is. I'm not telling you why it's frivolous, but I'm telling you it is. What happens then? Again, I would expect the judge to ask questions of counsel to maybe explain why, maybe deny the petition without prejudice, and let counsel bring it again after counsel can explain her reasoning. I would expect that that would be what the trial judge would do. Wouldn't it be a lot easier if there was a, as you called it, best practice, and this court found that explain why it is frivolous and patently without merit when there's already been a finding that it is? But I believe that that rule would be too broad and encompass and raise the problems that I mentioned before and force the court to remand for additional briefing when the court, in fact, did not require that additional briefing. And then it would also raise questions as to exactly how much detail is required as Petitioner pointed out in his argument. There are some claims that are so readily apparent just from reading them to be completely meritless. Would it be sufficient for the court, and Petitioner has said it, would be sufficient in those cases for counsel to just say one sentence, these are meritless. How is counsel to know which claim the trial judge would believe deserving of such kind of short shrift and which claims she would be required to brief in more detail? I guess in that case, counsel would be in a difficult position and be forced to brief every single claim, even though some of those claims may not be deserving of in-depth briefing treatment as to avoid having to go back and rebrief them again. So putting in place such a requirement would subject counsel to a higher standard that may not necessarily be practical or useful in the majority of cases, as the majority of cases do include much more than simply one claim. Some petitioners can include up to 50 post-conviction claims, and half of those are meritless on their face. So to force counsel to have to brief every single one of those claims would pose an undue burden on counsel and on the court in having to review those motions and having to determine whether or not the briefing was sufficient in that case. Going back to the forfeited, and going back to my argument regarding the merits of these claims themselves, as I said, the petitioners in fact asking this court  and speculating and cobbling together statements in the petition, in an affidavit, in the other affidavit, and kind of forcing a claim to take shape from that, where that claim was not raised at all in the trial court below. In fact, petitioner, while it's true, counsel did not address that claim and the court did not address that claim, but petitioner also did not bring it to the court's attention. Aside from one short line in his motion to strike, counsel's motion to withdraw, he did not bring it to the court's attention at oral argument when he was permitted to argue in support of his claim. So there was really no way, there was really no indication that he alleged, made those allegations in the post-conviction petition. And as such, they are forfeited, and therefore frivolous and patently without merit. And if there are no further questions, then we would ask this court to affirm the judgment of the appellate court. Thank you. Thank you. Your Honors, I'd like to address a few points there. Initially, just as we were talking about best practices or rule here, I would like to point out there's been a lot of statements made here about the additional burden this is going to place on counsel and the additional burden this is going to place on trial judges. There really is no additional burden. Rule 651C requires counsel to review the petition, ascertain the claims, consult with the defendant. In order for counsel to move to withdraw, in order for counsel to seek the Greer exception to the grant of counsel, they have to determine that each and every one of those claims is frivolous and patently without merit. If there is one claim that is arguable, counsel has no ethical need to withdraw. So counsel already has to be doing all of this. They have to be performing this analysis. They have to be considering the issues, and they have to be determining if those issues are meritorious. All that we have suggested, all that the Combs Court suggested, is that they should put some of that analysis in the motion they present to the court, which is entirely consistent with all motion practice. The burden is always on the movement. If defense counsel were to file a motion to suppress and not explain why the evidence should be suppressed, you would expect that motion to be denied. Similarly, if counsel files a motion to withdraw and doesn't explain why withdrawal should be granted, you would reasonably expect that motion to be denied. Is there a problem here? You're focusing on the obligations, the duties of the attorney. Is there also an issue here about the trial court? How does the trial court rule on this motion without having all of the arguments placed before it? Absolutely, Your Honor. There's a problem with the trial court, and then there's yet a further problem for the reviewing court. The trial court has not received the benefit of counsel's analysis, has not received any information counsel may have gained from outside the record, is lacking all of that. In essence, the burden of picking all of the claims out of the petition, analyzing them, fully stating them, and determining whether they're meritorious, that whole burden has been put on the circuit court. That's been put on the judge. And that's probably the role of an advocate, to analyze those to determine the sufficiency and then to present their findings to the court. And furthermore, when you get up to the reviewing court, you haven't got an adequate record to determine one way or the other, were these claims meritorious, were they not? We know counsel decided they weren't, but we don't know why. And particularly where in the post-conviction setting, you often have claims that do rely on evidence outside of the record, without counsel making that record below, it leaves the reviewing court in the very uncomfortable position of having to try to determine, were all these claims truly frivolous and patently without merit, but not having the requisite information to do that. And that's really the heart of one of the most important parts of wanting counsel to make that explanation in their motion that provides the circuit court with the information it needs and it provides the reviewing court with the information it needs. And it's something that counsel already has to be doing. They already have to be considering all of these claims, analyzing them, and making a determination. All we're saying is put it on paper when you file your motion. If we follow your argument, if I follow it, if post-conviction counsel did, in fact, file an appropriate 651C certificate that complied with our rule, but yet didn't state anything specific in response to the allegations that might have been considered by the trial court as being not frivolous or not patently without merit, do we still have the same problem or is it a problem then of abusive discretion by the trial court in granting such a motion without having additional something else in the record? Yeah, Your Honor, I would say there is still a problem. The problem is that we still haven't been given that analysis. We still haven't been given the basis for counsel's determination, which is going to make it very difficult for the circuit court to reach an adequate ruling. That being said, again, Greer allows and the Combs Court following Greer noted that, of course, once we get to the reviewing court, the motion itself may be inadequate if we can still look at the record and the petition and plainly see these claims are all frivolous. In essence, we can say that any error was harmless. We can affirm, we can go ahead. We don't have to remand for needless additional proceedings. Like most of the rules we enjoy or best practices, even when they're not followed, sometimes the failure to follow them is harmless. In this case, however, that is not what we have. In this case, we have claims that as far as the record shows are meritorious claims. And I would like to note some of this discussion about whether these claims were really properly stated in the petition. This court has held on numerous occasions, whether it's People v. Hodges, whether it's People v. Tate, whether it's People v. Edwards, where this court rejected the sufficient facts test and held that a limited amount of detail is what we expect a pro se petitioner to come up with. A pro se petitioner doesn't know the law, and they may not even always know exactly what facts are applicable precisely because they don't understand the legal ramifications. What we expect them to do is to provide enough information in their allegations and in their supporting materials, and we do consider the supporting materials at this point. We're not just reading the petition. We expect them to provide enough information that a judge or an attorney looking at that petition can plainly see there is a constitutional problem here. And that is precisely what we have. With the statements in the affidavits, the statements in the petition, there is more than enough to allege my counsel lied to me. There was a lie about the evidence at issue. I would not have pled guilty if not for that, if not for counsel's misconduct. That is more than sufficient to bring this forward, particularly when you remember then that he did mention that specific lie in his motion to strike or his response to counsel's motion to withdraw. And I think there's something a little inappropriate about expecting a 17 or possibly at that point 18-year-old boy to stand up there in court arguing against his own attorney and the state's attorney and fully represent his claims before the court, put the onus on him to say, well, he didn't raise this in the circuit court, so we don't have to address it now. The facts are all there in his petition. The heart of that claim is there in that petition. It's there in those supporting materials. And saying that because this 17-year-old boy who never finished ninth grade and has been incarcerated for, at that point, some time, didn't manage to deliver an adequate argument on his own behalf, arguing against the attorney who was appointed to help him, it just expects far too much from the pro se petitioner. This is why counsel was appointed. We recognize that pro se petitioners are not capable, nine times out of ten, of putting together artful, well-led documents. We know this. That's why we appoint counsel. Rather than withdraw, what counsel should have done here, if there are these pleading defects that the state points to, the solution was not to withdraw. The solution was to amend the petition, ascertain those claims, and properly state them in the petition. The heart of the claims is there, everything that needed to be there. And that's all we expect of a pro se petitioner. So, Your Honors, if there are no further questions, we would respectfully request that this court reverse the appellate court and remand this case back to the circuit court so that Danny can have a full and fair second stage hearing with the assistance of counsel on his post-conviction claims. Thank you. Thank you. Case 117695, People of the State of Illinois v. Danny Keener, will be taken under advisement as agenda number three. Mr. Weiberg and Ms. Muhammad, we thank you for your arguments today. You're excused at this time. Marshal, the Supreme Court stands adjourned until 930 tomorrow morning.